UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTY RODNEY KEHOE,

                Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

                Defendant.

CASE NO. C19-5953-MAT

ORDER GRANTING MOTION TO STRIKE AND REFILE CERTIFIED ADMINISTRATIVE RECORD

Defendant filed a Motion to Strike and Refile the Certified Administrative Record (Dkt. 18), explaining the previously filed record does not contain a transcript of a prior oral hearing (*see* Dkts. 19, 22). Plaintiff objects to the motion to strike and refile, suggesting defendant seeks to add evidence harmful to plaintiff's position or helpful to defendant's argument, stating the transcript was not relied upon or considered in the Administrative Law Judge (ALJ) decision at issue in this case, and arguing the Court lacks authority to grant the relief requested. (Dkts. 20-21.) The Court finds no merit to plaintiff's objections.

Defendant seeks to file a complete copy of a Certified Administrative Record provided by the Office of Appellate Operations to correct an accidental omission of a hearing transcript. This

ORDER
PAGE - 1

request is both appropriate and necessary. *See* 42 U.S.C. § 405(g) ("As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based."); *see also* Hearings, Appeals and Litigation Law Manual (HALLEX), I-4-2-30 (B)(4) ("If a record is not complete, it is not a 'full and accurate' record of the proceedings relating to the litigated claim. . . . Such deficiencies may include: . . . [a] missing transcript of oral hearing[.]") Plaintiff's suggestion of an improper or ulterior motive on the part of defendant is unexplained, unsupported, and no more than speculative. Also, and as set forth and supported in defendant's reply, ALJs have access to a claimant's entire case file, including any prior decisions and associated hearings, in rendering a decision. (*See* Dkt. 22 at 4-5.)

Finally, the cases relied upon by plaintiff in his opposition are distinguishable. *See, e.g.*, *Lowry v. Barnhart*, 329 F.3d 1019, 1024-25 (9th Cir. 2003) (rejecting Commissioner's request to supplement record with a letter created after plaintiff filed her opening brief and "conveniently plugg[ing] [a] hole in the record by generating a letter that undercut" plaintiff's claim: "The district court docket shows that the letter was never made a part of the record. Indeed, it could not have been, because it post-dates not only the notice of appeal but even [the] opening brief on appeal."); *Kuligowski v. Comm'r of Soc. Sec.*, C18-5906-JLR, 2019 WL 2339973 at *1-2 (W.D. Wash. June 3, 2019) (rejecting request to amend record after counsel for Commissioner attested an argument in plaintiff's opening brief made him question the accuracy of a hearing transcript, counsel listened to audio recording of hearing and requested a new certified transcript "'highlight[ing] the place where' he found the inaccuracy[,]" but the Commissioner offered no assurance as to the accuracy of the remainder of the record; concluding that, "[t]o allow the Commissioner to selectively undermine the certification procedure does not serve justice[,]" and that the Social Security

Administration, rather than the court, should settle any dispute between the parties as to the accuracy of the transcript); *Wetzler v. Colvin*, C15-1074-BHS-DWC, 2016 WL 4376635 at *2-3 (W.D. Wash. July 11, 2016) (rejecting plaintiff's request to supplement record with 147 pages of materials, including internal field office notes and correspondence between plaintiff's counsel and administration employees, where "the Court [had] no way of knowing if all or some of the additional documents were before" the ALJ"), *adopted*, 2016 WL 4363311 (W.D. Wash. Aug. 16, 2016). Unlike those cases, the current matter is akin to the typically unopposed and routinely permitted motions to correct the record that come before this Court.

For the reasons stated above, defendant's Motion to Strike and Refile the Certified Administrative Record (Dkt. 18) is GRANTED. The Court STRIKES the Certified Administrative Record filed on December 20, 2019 (Dkt. 10), and GRANTS defendant leave to refile the Certified Administrative Record.

DATED this 13th day of March, 2020.

Mary Alice Theiler
United States Magistrate Judge