UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTY K., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | CASE NO. C19-5953-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1968.[1] He has a high school diploma, and has worked as a

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

carpenter.  (AR 70, 80.)

Plaintiff applied for DIB and SSI in October 2016 and February 2017, respectively.  (AR 316-24.)  Those applications were denied and Plaintiff timely requested a hearing. (AR 245-51, 255-63.)

On October 4, 2018, ALJ Allen G. Erickson held a hearing, taking testimony from Plaintiff and a vocational expert (VE).  (AR 87-137.)  On November 16, 2018, the ALJ issued a decision finding Plaintiff not disabled.  (AR 13-23.)  Plaintiff timely appealed.  The Appeals Council denied Plaintiff's request for review on August 23, 2019 (AR 1-6), making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had not engaged in substantial gainful activity since March 27, 2015, the alleged onset date. (AR 15.)  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found severe Plaintiff's seizure disorder, alcohol dependence, major depressive disorder, neurocognitive disorder, and generalized anxiety disorder.  (AR 15-16.)  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 16-17.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing light work with additional limitations: he cannot climb ladders, ropes, and scaffolds, but can occasionally climb stairs and ramps. He cannot be exposed to hazards, such as open water, open flame, open heights, and open machinery, and cannot perform commercial driving. He can occasionally balance and be exposed to temperature and humidity extremes. He can be occasionally exposed to vibration. He can understand, remember, and apply detailed, but not complex, instructions. He cannot work in a fast-paced, production-type environment. He can have occasional interaction with the general public. (AR 17.) With that assessment, the ALJ found Plaintiff unable to perform past relevant work. (AR 21.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, including mail room sorter, office helper, and small products assembler. (AR 21-22.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) assessing certain medical opinions, (2) discounting his subjective symptom testimony and the lay evidence, and (3) relying on VE testimony at step five that contradicts the Dictionary of Occupational Titles (DOT).[2] The Commissioner argues that any errors in the ALJ's decision are harmless, and that the disability determination is supported by substantial evidence and should be affirmed.

## Medical opinions

Plaintiff assigns error to several aspects of the ALJ's assessment of the medical evidence. The Court will consider each argument in turn.

Legal standards

Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

State agency opinions

Plaintiff notes that the ALJ's decision does not mention the State agency opinions. On initial review, a State agency psychological consultant opined that Plaintiff "should not work closely with the general public or many coworkers" (AR 180) and the ALJ did not include any restriction on Plaintiff's co-worker interactions in the RFC assessment. (AR 17.) The State agency consultant also opined that Plaintiff would "do best with routine work" (AR 180), but the ALJ instead found Plaintiff capable of performing detailed but not complex instructions. (AR 17.)

---

[2] Because, as explained *infra*, this case must be remanded due to errors in the ALJ's assessment of medical evidence, the Court need not address the alleged errors in the step-five findings in the current decision as those findings may be reformulated on remand.

Upon reconsideration, the State agency consultant found Plaintiff capable of interacting with others on an "occasional/superficial" basis, and also found that Plaintiff had adaptation limitations but could adapt to normal, routine changes in the workplace, and could follow goals set by an employer, but could not set his own goals.  (AR 221.)  None of these limitations was included in the ALJ's RFC assessment.  (AR 17.)

The Commissioner concedes that the ALJ erred in failing to assess the State agency opinions, but argues that the error is harmless because the jobs identified at step five are not inconsistent with the restrictions described by the State agency opinions.  Dkt. 29 at 2-6.  The restrictions at issue in the State agency opinions, however, are not clearly delineated in the DOT definitions of the step-five jobs, however: the DOT does not explicitly indicate whether particular jobs require superficial interaction or "close work", or involve routine changes or independently-set goals.  The Court declines the Commissioner's invitation to speculate whether particular jobs involve those activities, based upon the DOT's description of job tasks or based on "common experience" (Dkt. 29 at 4), particularly because the ALJ has a duty to assess medical opinions and bears the burden at step five to identify jobs that claimants can perform despite their restrictions.

Because the ALJ failed to assess the State agency opinions in this case and failed to account for all of the limitations set out in those opinions in the RFC assessment, and it is not clear that the jobs identified at step five are nonetheless consistent with the State agency opinions, this case must be remanded to permit the ALJ to assess the State agency opinions.

<u>Loreli Thompson, Ph.D.</u>

Dr. Thompson examined Plaintiff in April 2016 and wrote a narrative report describing his symptoms and limitations.  (AR 558-64.)  Dr. Thompson opined that Plaintiff's memory, concentration and persistence functions were "inconsistent," and had "limited" social functioning.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

(AR 564.) Dr. Thompson also found that Plaintiff's ability to adapt to workplace changes was "likely to be impacted[.]" (*Id*.) The ALJ indicated that he gave "some weight" to Dr. Thompson's opinion, but found that her opinion did not identify specific functional limitations, but spoke "only in generalities." (AR 20.)

Plaintiff contends that the ALJ's reasoning is too vague (Dkt. 28 at 5), but the Court disagrees. Dr. Thompson's opinion does not identify any particular functional limitations, but instead describes deficits of unspecified severity. The ALJ did not err in finding this opinion less probative because of its generalities. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("Here, the ALJ found that Dr. Zipperman's descriptions of Ford's ability to perform in the workplace as 'limited' or 'fair' were not useful because they failed to specify Ford's functional limits. Therefore, the ALJ could reasonably conclude these characterizations were inadequate for determining RFC.").

Sarah Kranick, M.D.

Dr. Kranick, a treating physician, completed a seizure questionnaire in July 2015. (AR 440-45.) The ALJ referred to this opinion as one of "multiple DSHS examinations" that were completed in 2015 immediately after Plaintiff's hospitalization for seizures in the context of alcohol withdrawal, and explained that he discounted these opinions as inconsistent with later evidence showing that Plaintiff's seizures were well-controlled with medication. (AR 20.)

Plaintiff argues that the ALJ erred in discounting Dr. Kranick's opinion in light of subsequent control with medication, because the record does not actually show that Plaintiff's "small" seizures were well-controlled by medication.[3] Dkt. 28 at 7. But Dr. Kranick's opinion

---

[3] Plaintiff also argues that the ALJ erred in referring to Dr. Kranick's opinion as one of the DSHS examinations, given that Dr. Kranick was instead a treating physician. Dkt. 30 at 4. Dr. Kranick completed

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

referenced only "tonic clonic" seizures with loss of consciousness, not the small seizures that Plaintiff reported continued to experience even with medication. (*See* AR 440-41.) The ALJ did not err in finding that Dr. Kranick's opinion, rendered shortly after Plaintiff's hospitalization for tonic clonic seizures in June 2015, was inconsistent with the remainder of the record, or in discounting it on that basis. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

Brent Packer, M.D.

Dr. Packer completed a review of medical evidence for DSHS in October 2015, reviewing recent neurology records. (AR 425-27.) As was described *supra* with respect to Dr. Kranick's opinion, the ALJ referred to Dr. Packer's opinion in a group of "DSHS examinations" that were based on Plaintiff's hospitalization for seizures in the context of alcohol withdrawal. (AR 20.) The ALJ discounted these opinions as inconsistent with later evidence showing that Plaintiff's seizures were well-controlled with medication. (*Id.*)

As explained in the previous section, the ALJ did not err in finding that the seizures that Plaintiff experienced in 2015 related to his alcohol withdrawal were tonic clonic seizures, and that this type of seizure was subsequently well controlled with medication. Because Dr. Packer's opinion was inconsistent with the longitudinal record due to Plaintiff's subsequent improvement, the ALJ did not err in discounting Dr. Packer's opinion. *See Tommasetti*, 533 F.3d at 1041.

/ / /

---

a form, however, which was reviewed by DSHS, and this opinion was indeed part of one exhibit consisting of the evidence reviewed by DSHS. (AR 423-97.) Plaintiff has not shown that any harmful error resulted from the ALJ's reference to Dr. Kranick's opinion in this group of evidence, given that the reason the ALJ provided for discounting this group of evidence is legitimate with respect to Dr. Kranick's opinion.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 7

#### Christopher Edwards, Psy.D.

Dr. Edwards examined Plaintiff in June 2017 and wrote a narrative report describing Plaintiff's psychological symptoms and limitations. (AR 822-27.) Dr. Edwards found Plaintiff's remote memory to be mildly impaired, his social abilities to be mildly to moderately impaired, his ability to maintain workplace attendance to be moderately impaired, his ability to complete a normal workday/workweek to be moderately to significantly impaired, and his ability to deal with workplace stress to be markedly impaired "due to fear of having unexpected seizures and anxiety related to social interactions." (AR 826-27.) The ALJ gave significant weight to much of Dr. Edwards' opinion, but discounted his opinion as to completing a normal workday/workweek and handling stress as "inconsistent with the record which demonstrated no significant seizure activity and no particular inability to perform daily activities due to 'stress[.]'" (AR 21 (citing AR 558-64).)

The ALJ pointed to Plaintiff's ability to complete his daily activities efficiently, specifically his ability to manage his cooking, grocery shopping, laundry, and self care on his own (AR 562), but these activities are not sufficiently similar to workplace activities to be legitimately comparable. Thus, the ALJ erred in discounting Dr. Edwards' opinion on this basis and should reconsider the opinion on remand.

#### Derek Leinenbach, M.D.

Dr. Leinenbach performed a review of some of Plaintiff's records for DSHS and completed a form checkbox opinion describing his conclusions regarding Plaintiff's physical functioning. (AR 981-83.) The ALJ gave little weight to Dr. Leinenbach's opinion because it did not cite any specific evidence or explain the objective basis for the conclusions. (AR 21.)

Plaintiff argues that the ALJ erred in discounting Dr. Leinenbach's opinion as a checkbox

form, without explaining why it is unsupported by the record. Dkt. 28 at 16. But Plaintiff conflates two separate lines of reasoning: the ALJ discounted Dr. Leinenbach's opinion as unexplained, not as unsupported. Lack of explanation is a valid reason to discount a medical opinion. *See, e.g.*, 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion."). Accordingly, Plaintiff has not shown error in the ALJ's assessment of Dr. Leinenbach's opinion.

Laura Hershkowitz, D.O.

Dr. Hershkowitz, a specialist in epilepsy, treated Plaintiff since the time of his hospitalization in 2015 for seizures in the context of alcohol withdrawal, and completed form opinions regarding the impact of Plaintiff's seizure disorder on his ability to work. (AR 817-19, 1187-90.) The ALJ noted that these form opinions did not reference Plaintiff's non-compliance nor the link between Plaintiff's alcohol use and his seizures that was documented in Dr. Hershkowitz's treatment notes. (AR 20.) For these reasons, the ALJ gave little weight to Dr. Hershkowitz's form opinions. (*Id.*)

The ALJ's reasons are supported by substantial evidence in the record. Although Dr. Hershkowitz indicated in the form opinions that Plaintiff was compliant with his medication (AR 1188) and that Plaintiff's seizures were not connected to alcohol use and that that alcohol treatment was not recommended (AR 819), Dr. Hershkowitz's treatment notes indicate that she repeatedly noted Plaintiff was not taking all medication prescribed, and consistently instructed him to stop using alcohol and informed him that his seizures were caused by his use. (*See, e.g.*, AR 571 (Dr. Hershkowitz tells Plaintiff it is "imperative" that he participate in alcohol rehabilitation), 572 ("I

again had a very frank discussion with [Plaintiff] that his seizures are not going to stay away until he stops drinking."), 574 ("I do think that he is going to need inpatient alcohol rehabilitation."), 578 ("I had a long discussion with him about the importance of quitting alcohol completely."), 583 ("I had a long discussion with him about the importance of him stopping alcohol completely."), 1040 ("I again had a very frank discussion with him that he absolutely needs to stop drinking and go into recovery. The seizures are harmful and life threatening and the alcoholism is compounding this dramatically."), 1086 (Plaintiff noted to be not taking his thiamine as prescribed), 1089 (same), 1127 (Dr. Hershkowitz again discussed his need for alcohol treatment because "he has very severe health problems because of the drinking"), 1129 ("[Plaintiff] is not taking the thiamine that I asked him to take.".) These notes undermine Dr. Hershkowitz's form opinion and the ALJ did not err in discounting her opinions on that basis. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (rejecting physician's opinion due to discrepancy or contradiction between opinion and the physician's own notes or observations is "a permissible determination within the ALJ's province.").

Plaintiff argues that the ALJ erred in failing to consider the reasons why he did not comply with his doctor's instructions to stop using alcohol. Dkt. 28 at 11. The record does not suggest any reason other than Plaintiff's denial of a problem or lack of interest in treatment; at the hearing, Plaintiff had been sober for the past six weeks and denied that his alcohol use impacted his seizures at all. (AR 103-04.) Furthermore, the ALJ cited evidence of Plaintiff's non-compliance for the purpose of showing that the record was inconsistent with Dr. Hershkowitz's opinions suggesting that Plaintiff had been compliant; Plaintiff has not shown that any reasons for his non-compliance could have explained away the inconsistency between Dr. Hershkowitz's opinions and her own treatment notes.

Likewise, Plaintiff contends that even if he had stopped using alcohol, it would not have restored his ability to work. Dkt. 28 at 11-12. But again, this argument does not relate to the ALJ's reasoning: that Dr. Hershkowitz's form opinions fail to address how his seizures were linked to his continued alcohol use against medical advice. This argument fails to show error in the ALJ's stated reasons for discounting Dr. Hershkowitz's opinions.

Plaintiff also argues that the ALJ erred in failing to explicitly discuss a DSHS form wherein Dr. Hershkowitz wrote that Plaintiff was disabled due to his intractable epilepsy. Dkt. 28 at 10 (citing AR 1120). This opinion pertains to an issue reserved to the Commissioner. *See* 20 C.F.R. § 416.927(d)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."). This conclusory sentence is not significant, probative evidence that the ALJ was required to explicitly address, and thus Plaintiff has not shown error in the ALJ's failure to address this sentence. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (ALJ "not required to discuss evidence that is neither significant nor probative").

<u>Subjective symptom testimony</u>

The ALJ discounted Plaintiff's subjective testimony describing disabling limitations because (1) the record shows that Plaintiff's limitations do not prevent all work, and (2) Plaintiff failed to seek mental health treatment and was "consistently non-compliant with medical advice with respect to his seizure disorder and alcohol dependency." (AR 20.) Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff has failed to show that the ALJ erred in discounting his testimony on these bases. Plaintiff argues that the ALJ erred in finding that he failed to follow treatment recommendations

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 11

in continuing to use alcohol without considering why he did so, and whether following that recommendation would have restored his ability to work. Dkt. 28 at 19. As discussed above, however, Plaintiff has not shown that the record supports any legitimate reason justifying his failure to stop using alcohol beyond his personal preference for continuing. Plaintiff's treating doctors repeatedly instructed him to stop using alcohol and told him that his seizures were linked to his alcohol use, and yet he declined to stop, as discussed above. Plaintiff has not shown that the ALJ was unreasonable in finding that Plaintiff's lack of compliance with treatment recommendations undermined his allegations of disabling limitations. *See Molina v. Astrue*, 674 F.3d 1104, 1113-14 (9th Cir. 2012).

### Lay statements

The ALJ noted that Plaintiff's sister, Sheryl Whitcomb, provided two written statements, but the ALJ discounted them as inconsistent with the medical record. (AR 21 (citing AR 351-60).) An ALJ's reasons to discount a lay statement must be germane. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness.").

Plaintiff argues that the ALJ erred in discounting Ms. Whitcomb's statements as inconsistent with the medical record, because lack of support in the medical record is not a legally sufficient reason. Dkt. 28 at 19. But the ALJ did not cite a lack of support, he cited inconsistency, and inconsistency is a legally sufficient reason. *See Bayliss*, 427 F.3d at 1218. This reason is supported by substantial evidence, because, as the ALJ detailed (AR 19), Plaintiff experienced fewer and less severe seizures than described by Ms. Whitcomb. The ALJ did not err in discounting Ms. Whitcomb's statement based on inconsistency with the record.

/ / /

## CONCLUSION

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings. On remand, the ALJ shall assess the State agency opinions along with Dr. Edwards' opinion, and either credit them or provide legally sufficient reasons to discount them. The ALJ may reconsider any other part of the decision as necessary.

DATED this 13th day of May, 2020.

Mary Alice Theiler
United States Magistrate Judge